UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD W. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00132-SNLJ |
| ) | |
| ST. LOUIS, MISSOURI U.S. ATTORNEY'S ) | |
| OFFICE and FEDERAL BUREAU OF ) | |
| PRISONS INMATE TRUST FUND, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Donald W. Sanders brings this civil action seeking an Order from the Court directing the Federal Bureau of Prisons to "unencumber" his inmate trust fund. [Doc. 1]. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. [Doc. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for frivolity and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff is a federal prisoner, incarcerated at the Beaumont Medium Federal Correctional Institution in Texas.  [Doc. 2 at 1].  According to his motion to proceed without prepaying fees and costs, Plaintiff states that he receives money from family and friends each month in an amount "up to 100 dollars."  At the timing of filing, Plaintiff had $30 in his inmate account.  [*Id.* at 2].  Despite informing the Court in August 2025 that he was awaiting a copy of his prison inmate trust fund statement, Plaintiff has not filed such statement in support of his motion.  [*Id.* at 1].  Nevertheless, the Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee.  Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").  If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff is a federal prisoner seeking declaratory judgment—specifically, Plaintiff requests an Order from the Court directing the Federal Bureau of Prisons (FBOP) to "unencumber" his inmate trust fund account. [Doc. 1 at 1, 7]. As explained by Plaintiff in his complaint and verified by Court records, Plaintiff was sentenced by this Court in February 2005 to 33 months in FBOP custody and ordered to pay restitution in the amount of $73, 352.14. [*Id.* at 5]; *see also United States v. Sanders*, No. 4:04-cr-483-JCH, Doc. 21 (E.D. Mo.). Sometime

3

around March 2021, a COVID-19 stimulus check in the amount of $1,400 was deposited into Plaintiff's inmate account at the county jail where he was detained. [*Id.*] When Plaintiff was later transferred to a FBOP facility, the money was moved to his FBOP trust fund. According to Plaintiff, the U.S. Attorney's Office in St. Louis, Missouri then sent a letter to the FBOP to "encumber" his trust fund in the amount of $1,031.31, stating that he had a "significant amount" of money and that it should be used to pay down his restitution. [*Id.* at 6]. Plaintiff states that the U.S. Attorney's Office said it would be seeking a court order, but that they never did, and that this encumbrance has been going on for four and one-half years. However, Plaintiff also states that he did file an objection to the government's request to the use the stimulus money towards his restitution, and that he never received a response. [*Id.*]

Plaintiff asserts that the encumbrance on his trust account has caused him and his family hardship, and he asks the Court to issue an Order removing it. [*Id.* at 6-7].

## Discussion

Although Plaintiff states that the "U.S. Supreme Court has … ruled the COV-19 stimulus check can not be 'seized' for fines, restitution, or child support," he provides no citation for this assertion and the Court has found none. [Doc. 1 at 6]. On the other hand, the Eighth Circuit and other appellate courts have held that COVID-19 stimulus money can be used to pay restitution owed by prisoners. *United States v. Bagola*, 90 F.4th 1218, 1221-22 (8th Cir. 2024); *United States v. Evans*, 48 F.4th 888, 892 (8th Cir. 2022); *see also United States v. Stark*, 56 F.4th 1039 (5th Cir. 2023).

In addition, Plaintiff's statement that a ruling was never made on the U.S. Attorney's 'Motion to Authorize Payment from Inmate Trust Account' is incorrect. According to Court records, the motion was granted on October 14, 2022, over Plaintiff's objections. *See United States v. Sanders*, No. 4:04-cr-483-JCH, Doc. 47 (ordering turn over of funds in Plaintiff's

4

inmate trust account to the Clerk of Court for payment of Plaintiff's criminal monetary penalties pursuant to 18 U.S.C. §§ 3613(a) and 3664(n)). If Plaintiff wanted to contest this decision, he should have appealed that Court order.

For these reasons, the Court finds that this case must be dismissed for frivolity and failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint states no plausible claim of relief. The Court cannot order that trust funds be "unencumbered," as this issue was ruled on over three years ago. The Court will direct the Clerk of Court to send Plaintiff a copy of the Court Order issued in Plaintiff's criminal case that granted authorization to deduct restitution money from his trust account. This case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any defendant because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants 'St. Louis, Missouri U.S. Attorney's Office' and 'Federal Bureau of Prisons Inmate Trust Fund' are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a copy of the Court's Order from his criminal case authorizing payment of his restitution with funds in his trust account: *United States v. Sanders*, No. 4:04-cr-483-JCH, Doc. 47 (issued Oct. 14, 2022).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of December, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE